

**JUDGE CHIN**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 6501

GIANCORRADO ULRICH,

     *Plaintiff,*

   -against-

SOTHEBY'S, SOTHEBY'S HOLDINGS, INC.,
SOTHEBY'S, INC., SOTHEBY'S FINE ART
HOLDINGS, INC., SOTHEBY'S ART SALES CORP.,
and YORK AVENUE GALLERIES,

     *Defendants,*

Case Number:

COMPLAINT

JURY TRIAL DEMANDED



RECEIVED

JUL 22 2008

U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, GIANCORRADO ULRICH, by his attorneys, Sanders Ortoli Vaughn-Flam Rosenstadt LLP, sets forth as their proposed amended complaint against the defendant as follows:

### PARTIES

1. Plaintiff, Giancorrado Ulrich, (hereinafter the "Plaintiff"), is an individual residing at Via Olmetto 8/A, 20123, Milan, Italy.

2. Plaintiff is one of the owners and the representative of the other owners of a certain painting entitled "Rest on the Flight into Egypt," attributed to Parmigianino.

3. Defendant, Sotheby's (hereinafter "Defendant Sotheby's") is a corporation organized and existing under the laws of the State of Delaware, and has its office and has a registered agent located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

Sr Sotheby's Order
Vaughn-Flam Rosenstadt LLP
501 Madison Ave,
14th Floor
New York, N.Y. 10022
Tel: 212 56 0422
Fax 212 26 9590

4. Defendant Sotheby's Holdings, Inc., (hereinafter "Defendant Holdings"), is, upon information and belief, a corporation organized and existing under the laws of the State of New York, and has an office located at 38500 Woodward Avenue, Suite 100, Bloomfield Hills, Michigan, 48304.

5. Defendant, Sotheby's Inc., (hereinafter "Defendant Sotheby's NY"), is a corporation organized and existing under the laws of the State of New York, and has its office and principal place of business at 1334 York Avenue, New York, N.Y. 10021.

6. Defendant, Sotheby's Fine Art Holdings, Inc., (hereinafter "Defendant Fine Art"), is a corporation organized and existing under the laws of the State of Delaware, and has a registered agent located at 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

7. Defendant, Sotheby's Art Sales Corp., (hereinafter "Defendant Art Sales Corp"), is a corporation organized and existing under the laws of the State of New York, and has its office and principal place of business at 1334 York Avenue, New York, N.Y. 10021.

8. Defendant, York Avenue Galleries, (hereinafter "Defendant Galleries"), is upon information and belief, owned by Defendant Sotheby's, Inc., and has its offices located at 1334 York Avenue, New York, N.Y. 10021.

SANDERS ORTOLI
VAUGHN-FLAM
ROSENSTADT LLP
501 Madison Ave.,
14th Floor
New York, N.Y. 10022
Tel: (212) 588-0022
Fax: (212) 826-9307

9. Defendants shall be collectively referred to herein as "Sotheby's".

- 2 -

10. Sotheby's is one of the oldest auctions houses in the world, providing either live or online auction services for, inter alia, paintings, sculpture and fine works of art and also provides appraisal services.

## JURISDICTIONAL ALLEGATIONS

11. The court has subject matter jurisdiction of this action due to the complete diversity of the parties pursuant to 28 U.S.C. § 1332(a).

12. As of the date this action is commenced, Plaintiff is a citizen of a different country than the Defendants.

13. In addition, the amount in controversy exceeds $75,000.00, pursuant to the requirements of 28 U.S.C. § 1332(a).

14. The Defendants regularly solicit business and/or derive substantial revenue from goods sold and/or services performed in New York.

15. The Defendants derive substantial revenue from interstate commerce.

16. The Defendants have committed the acts, as hereinafter set forth, outlined below within the State of New York.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

17. Plaintiff is the sole representative of a family that owns the painting at issue, known as "Rest on the Flight into Egypt", by Parmigianino (hereinafter the "Painting").

18. In or about 2005, the Painting was being kept at the studio of Marco Grassi, located at 599 Broadway, New York, N.Y. 10012.

19. In or about 2005, Mr. Christopher T. Apostle, Senior Vice President and Director of Old Master Paintings for Sotheby's in New York, and Mr. George Wachter, arranged to have the Painting removed from Grassi's studio.

20. Mr. Apostle and Mr. Wachter had the Painting delivered to Sotheby's offices in New York for evaluation and/or authentication.

21. The Painting was to be held at Sotheby's for an indefinite period of time.

22. While at the Sotheby's premises in New York, Mr. Apostle showed the Painting to leading experts for evaluation and/or authentication.

23. In or about April, 2007, Mr. Grassi inquired as to the results of the evaluation of the Painting and as to its whereabouts.

24. In response to Mr. Grassi's inquiry, Mr. Apostle assured Mr. Grassi that the Painting had already been returned to him.

25. Specifically, in a letter dated May 9, 2007 (the "May 9 Letter", attached hereto as EXHIBIT "A") Mr. Apostle stated that,

> "[a]t some point...I recall having my colleague, Marina Phelan (now Marina Johansen), return the picture to you, which she recalls organizing. The painting is in our system as having been returned, and it has never subsequently been noted in any of our bi-annual inventories."

26. Mr. Apostle continued, stating,

> "As you know, I have initiated a search through our paper records as well. This process is extremely time-consuming, as you can imagine, as paper records at the time were kept, but not necessarily bar coded. Either Marina or I will report back to you as soon as we find anything on that front, but in the meantime, I wanted to keep you abreast of the situation."

27. Since the May 9 Letter, neither the owners, Mr. Grassi, nor the owners' authorized agent has received the Painting back from Sotheby's and the Painting is not in the owners' possession and/or control.

28. Sotheby's is in the possession and/or control of Sotheby's, its subsidiaries, affiliates, or assigns.

29. The Painting has either negligently or intentionally failed to return the Painting to its owners, Mr. Grassi or the owners' authorized agent, and has either negligently or intentionally failed to account for its whereabouts.

30. Sotheby's is responsible for the loss of the Painting.

31. On February 26, 2008, this office sent a letter to Mr. Apostle,

inquiring yet again as to the Painting's whereabouts, (the "February 26 Letter" attached hereto as EXHIBIT "B").

32. On March 26, 2008, by way of letter in response to the February 26 Letter, Sotheby's forwarded to Plaintiff two documents regarding the Painting: (1) an Item Return to Consignor document; and (2) a Property Release Slip, (hereinafter the "Release Slips", attached hereto with the letter dated March 26, 2008, as EXHIBIT "C").

33. Sotheby's asserts that the Release Slips prove that the Painting was returned to Mr. Grassi.

34. The Release Slips appear to relate to a painting entitled "The Holy Family, o/panel" by Parmigianino.

35. The Release Slips are neither signed by Mr. Grassi nor any member of his staff.

36. The Release Slips are not signed by any of the owners of the Painting or their authorized agent.

37. On June 3, 2008, Plaintiff sent a letter to Sotheby's demanding the return of the Painting (the "June 3 Letter" attached as EXHIBIT "D"). As of the filing of this action, Sotheby's has not returned the Painting to its owners.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANTS FOR BREACH OF BAILMENT AGREEMENT

38. Plaintiff repeats and re-alleges each and every allegation

SANDERS ORTOLI
VAUGHN-FLAM
ROSENSTADT LLP
501 Madison Ave.,
14th Floor
New York, N.Y. 10022
Tel: 212/ 388-9022
Fax (212) 826-9307

contained in paragraphs 1-37 of the Complaint with the same force and effect as if fully set forth herein at length.

39. When the Painting was delivered to Sotheby's, Mr. Grassi was acting as agent for the owners of the Painting.

40. The Painting was delivered to and/or was on deposit with Sotheby's as hereinbefore described.

41. Sotheby's accepted the Painting.

42. The purpose of said delivery to and/or deposit with Sotheby's was for evaluation and authentication.

43. A bailment was thus created between the Plaintiff and Sotheby's.

44. The bailment as hereinbefore described was for an infinite duration of time.

45. It was intended by the agent for the owners of the Painting that a bailment was created with Sotheby's for the Painting.

46. It was intended by the owners of the Painting and/or Plaintiff that a bailment was created with Sotheby's for the Painting.

47. Sotheby's voluntarily accepted the Painting into its custody for evaluation and authentication.

48. As such, Sotheby's had an obligation to account to Mr. Grassi and/or the Plaintiff for the Painting.

49. Sotheby's has either negligently or intentionally retained possession of or misplaced the Painting.

50. Sotheby's is thus liable to the owners of the Painting for any loss or damage thereto.

51.  As a result of the foregoing, Defendants are liable to the Plaintiff for the sum of no less than $4 Million.

AS AND FOR A SECOND CAUSE OF ACTION
<u>AGAINST DEFENDANT FOR CONVERSION</u>

52. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-51 of the Complaint with the same force and effect as if fully set forth herein at length.

53. The Painting was delivered to and/or on deposit with Sotheby's as hereinbefore described.

54. Plaintiff demanded the return of the Painting.

55. Sotheby's has refused to return the Painting to Plaintiff.

56. Said refusal and or interference with Plaintiff's possessory right to the Painting by Sotheby's is intentional.

Seignes Oppen
Arie Zelenka
Reef Seni, LLP
30 Maiden Lane
12th Floor
New York, N.Y. 10022
Tel: 212-388-9093
Fax: 212-826-9592

57. Sotheby's has exercised unauthorized dominion and control over the Painting to the complete exclusion of Plaintiff.

58. As a result of the foregoing, Defendants are liable to the Plaintiff for the sum of no less than $4 Million.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST DEFENDANT FOR NEGLIGENCE

59. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-58 of the Complaint with the same force and effect as if fully set forth herein at length.

60. That at all relevant times, Sotheby's had a duty under the bailment agreement to ensure that the Painting was kept safely and returned to Plaintiff upon demand.

61. That Sotheby's breached its duty to Plaintiff by failing to properly account for the Painting's whereabouts.

62. That Sotheby's breached its duty to Plaintiff by either negligently or intentionally retaining possession of or misplacing the Painting.

63. That as a direct result of Sotheby's negligence, Plaintiff has suffered damages.

64. The damages sustained by Plaintiff were due to the failure of Sotheby's to use due care under the circumstances and in failing to

meet its obligations as bailee of the Painting.

65. That said conduct of Sotheby's was negligent, careless, or reckless and resulted in damages to Plaintiff in an amount to be determined at trial, but at no time less than $4 Million.

66. That said conduct of Sotheby's was grossly negligent, wanton or oppressive and resulted in damages to Plaintiff in an amount to be determined at trial, but at no time less than $4 Million.

67. As a result of the foregoing, Sotheby's is liable to Plaintiff in an amount no less than $4 Million.


**AS AND FOR A FOURTH CAUSE OF ACTION**
**AGAINST DEFENDANT FOR CONSTRUCTIVE TRUST**

68. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-67 of the Complaint with the same force and effect as if fully set forth herein at length.

69. The special relationship of trust and confidence between Plaintiff and Sotheby's created a fiduciary obligation from each of the parties to the other.

70. In entering into the bailment agreement, Plaintiff acted in reliance upon Sotheby's' implied promise to care for the Painting and upon Sotheby's' legal obligations as a bailee with respect to the Painting.

71. In reliance on the aforementioned promise by and legal obligations of Sotheby's, Plaintiff permitted the Painting to be transferred to Sotheby's' care.

72. Upon information and belief, Sotheby's negligently or intentionally retained possession of or misplaced the Painting.

73. By reason of the foregoing, Plaintiff is entitled to have a constructive trust declared over the Defendants, for the benefit of Plaintiff, to hold and possess Plaintiff's interest in the Painting in the minimum amount of $4 Million, plus prejudgment interest thereon at the legal rate, representing the appraisal value of the Painting.

AS AND FOR A SIXTH CAUSE OF ACTION
<u>AGAINST DEFENDANT FOR BREACH OF FIDUCIARY DUTY</u>

74. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-73 of the Complaint with the same force and effect as if fully set forth herein at length.

75. As hereinbefore alleged, the bailment agreement created a fiduciary duty between Plaintiff and Defendants.

76. Plaintiff relied upon the special relationship of trust and confidence that existed between Plaintiff and Defendants.

77. Defendants breached the fiduciary duty owed to Plaintiff by losing the Painting or by failing to properly supervise its

...............
...............
...............
...............
New York, NY. 10022
Tel: 212-...-...
Fax: 212-...-....

employees regarding the Painting or by selling the Painting to a third party or by converting the Painting or by misplacing the Painting, or by otherwise unlawfully retaining possession of the Painting, valued at a minimum of approximately $4 Million.

78. As a result of Defendant' breach of their fiduciary duty to Plaintiff, Plaintiff has been and continues to be damaged in the minimum amount of $4 Million.

79. Defendants' breach of the trust, confidence and special relationship that existed with Plaintiff was undertaken with negligence.

80. Defendants' breach of the trust, confidence and special relationship that existed with Plaintiff was undertaken with malice, and was willful, wanton and in reckless disregard of Plaintiff's rights as bailor under the bailment agreement with Defendants.

81. That as a result of the intentional, malicious, wanton and reckless acts of Defendants in breaching their fiduciary duty to Plaintiff under the bailment agreement, Plaintiff has been damaged and Defendants are liable to Plaintiff for punitive damages in the amount of $12 Million Dollars.

WHEREFORE, Plaintiff respectfully demands that:

(a)    This court enter judgment for the minimum sum of $4 million against Defendants on the First Cause of Action;

(b)    This court enter judgment for the minimum sum of $4

million against Defendants on the Second Cause of Action;

(c)  This court enter judgment for the minimum sum of $4 million against Defendants on the Third Cause of Action;

(d)  This court enter judgment for the minimum sum of $4 million against Defendants on the Fourth Cause of Action;

(e)  This court enter judgment for the minimum sum of $12 million against Defendants on the Fifth Cause of Action;

(f)  This court enter judgment for the minimum sum of $4 million against Defendants on the Sixth Cause of Action;

(g)  Costs of this action be awarded Plaintiff;

(h)  This Court order a constructive trust for the benefit of Plaintiff;

(i)  Prejudgment interest at the legal rate;

(j)  Plaintiff be awarded its reasonable attorneys fees; and

(k)  The court grant such other and further relief as it shall deem just.

Dated:  New York, New York
        July 8, 2008

_Gena Zaiderman (GZ1943)_
Sanders Ortoli Vaughn-Flam Rosenstadt LLP
_Attorneys for Plaintiff_
501 Madison Avenue, 14th Floor
New York, New York 10022
(212) 588-0022

To:
Aimee Scillieri, Esq.
Claims Counsel
Legal Department
Sotheby's
1334 York Avenue
New York, N.Y. 10021

**EXHIBIT A**



1334 YORK AVENUE  NEW YORK NY 10021
212 606.7230  F 212 606.7236  CHRISTOPHER.APOSTLE@SOTHEBYS.COM

**CHRISTOPHER T. APOSTLE**
SENIOR VICE PRESIDENT
DIRECTOR, OLD MASTER PAINTINGS

Mr. Marco Grassi
599 Broadway
New York, NY 10012

May 9, 2007

Dear Mr. Grassi,

I wanted to write you a brief letter of our discussions on many previous occasions, concerning your clients painting of *Rest on the Flight into Egypt,* attributed to Parmigianino. As you know, when the painting was here, I showed it to all of the leading scholars in the area, most particularly David Ekserdijian, who felt that the picture was of the period, but not by the artist himself, preferring to retain the Courtauld version as the autographed original.

At some point after that, I recall having my colleague, Marina Phelan (now Marina Johansen), return the picture to you, which she recalls organizing. The painting is in our system as having been returned, and it has never subsequently been noted in any of our bi-annual inventories.

As you know, I have initiated a search through our paper records as well. This process is extremely time-consuming, as you can imagine, as paper records at the time were kept, but not necessarily bar coded. Either Marina or I will report back to you as soon as we find anything on that front, but in the meantime, I wanted to keep you abreast of the situation. I remain,

Yours truly,

Christopher T. Apostle
Senior Vice President
Director, Old Master Paintings

**EXHIBIT B**

# Sanders |Ortoli |Vaughn-Flam |Rosenstadt llp

501 Madison Avenue
14th Floor
New York
NY 10022-5616
tel: (212) 588-0022
dir: (212) 829-8935
fax: (212) 826-9307
rortoli@sovrlaw.com

www.sovrlaw.com

February 26, 2008

Mr. Christopher T. Apostle
Senior Vice President
Director, Old Master Paintings
Sotheby's
1334 York Avenue
New York, NY 10021

**Re:** **Rest on Flight into Egypt, Parmigianino**

Dear Mr. Apostle:

This firm represents the owners of the painting of the *Rest on the Flight into Egypt* by Parmigianino.

As you know, this painting was being held at Marco Grassi's studio in or around 2005 and at that time you and George Wachter went there to look at it. Mr. Wachter and you were sufficiently impressed with the painting after looking at it that shortly afterwards you arranged with Marco Grassi to have it picked up and delivered to Sotheby's offices. While the painting was at Sotheby's premises, you showed it to several experts.

According to your letter of May 9, 2007 to Marco Grassi, at some later time you asked a colleague of yours to send the painting back to Mr. Grassi's studio, although Sotheby's has no paperwork to show that it was in fact delivered to Mr. Grassi's studio. As you know, Mr. Grassi never received the painting back.

The only conclusion that our clients can draw is that Sotheby's has lost the painting and under the circumstances our client's position is that Sotheby's is responsible for its loss.

Please contact me to discuss how Sotheby's proposes to handle this matter.

Very truly yours,

Richard Ortoli

RO/ic

**EXHIBIT C**

Page: 1 Document Name: untitled

```
 T A R S              ITEM RETURN TO CONSIGNOR           PXM  26 MAR 08
STTR260S  *CMS* KCM: LISA HELLER                        $303 11:14:41
TRANSFER NO: 00690894 TRANSFER DATE: 29 SEP 01 BY: PXM  TRANSFER STATUS: RTC
RECEIPT NO : M221165  ITEM RANGE: 0001 000  TO: ____  ___
   SALE NO : _____   LOT     : _____   ALL LOTS(Y/N): _
   INQUIRY              CONSIGNOR : 30049995  Grassi Agent, Mr Marco
SHIP METHOD : COLL   COLLECTED
RETURN REASON: client request         SHIP ADDR: N    SPCL INSTR: N
CSGN ACCT DEPT APPROVAL: ___          EXPERT DEPT APPROVAL : CTA
COLLECTED BY : MR GRASSI
              ID TYPE: _____  ID NUMBER: _____
              REMOVED FROM PREMISES?  : Y   DATE: 06 DEC 02  BY: VCZ
REMOVE  RECEIPT  ITEM SUB  ITM-STA   DEPT  OFFC    SALE    LOT   LOT-STA
  Y     M221165  0001 000   RTC      7112  NYRK   _____  _____   ___
              DESC: Parmigianino, The Holy Family, o/panel
              LOC : YORK  611 A   16B  _____
              INSURANCE VALUE: ___ _____  DIMENSIONS: _____
              COMMENT: _____

                                              ITEM COUNT:    1
CMD: _____   INQUIRY ACCESS ONLY
```

*F2=MORE|F5=TFR LST|*F5=SHP ADR|*F6=OI ADR|*F8=CND|F9=DTL|*F9=SPC INS|*F1=SHP

Date: 3/26/2008 Time: 11:16:35 AM

PROPERTY RELEASE SLIP

PAGE 1   OF   1
TIME: 20:17
DATE: 04 DEC 03

YORK AVENUE GALLERIES
1334 YORK AVENUE
NEW YORK, NY 10021

TO CONSIGNOR ACCOUNT : 30049995
   Mr Marco Grassi Agent
   599 Broadway
   New York, NY 10012-3235

TRANSFER NUMBER: 00496894

FROM OFFICE    : NYRK
FROM DEPARTMENT: 7112
FROM LOCATION  : YORK

INITIATED BY   : PXM MARTHA S. PHELAN
INITIATED DATE : 29 SEP 01
APPROVED BY    : CTA
RELEASE VIA    : COLL COLLECTED BY CLIENT

(H)(NOT DISCLOSED)
(B)212 334 6616

| RECEIPT ITEM | DESCRIPTION | INSURANCE VALUE | DIMENSION | |
|---|---|---|---|---|
| M231165 0001 000 | Parmigianino, The Holy Family, o/panel     "RPC"   LOC  : YORK 611 A    16B   COMMENT: | SALE: | LOT: | |

*N.S. 12-06-02*

SHIP TO: Mr Marco Grassi Agent
         599 Broadway
         New York, NY  10012-3235
         212 334 6616

RELEASED BY: PXM MARTHA S. PHELAN
SIGNATURE:
RELEASE DATE: 29 SEP 01

COLLECTED BY: MR GRASSI
SIGNATURE:
COLLECTED DATE:
ID TYPE:

PACKING:
PACKED BY :

MAILING:
DATE RECV:
MAIL&INS:

**EXHIBIT D**

## Sanders | Ortoli | Vaughn-Flam | Rosenstadt llp

501 Madison Avenue
14th Floor
New York
NY 10022-5616
tel: (212) 588-0022
dir: (212) 829-8921
fax: (212) 826-9307
glz@sovrlaw.com

www.sovrlaw.com

June 3, 2008

*Via Certified Mail 70080150000313297543*
*Return Receipt Requested*
Aimee Scillieri, Esq.
Claims Counsel
Legal Department
Sotheby's
1334 York Avenue
New York, New York 10021

      Re:  Demand for Return
          <u>Parmigianino, *Rest on Flight into Egypt*</u>

Dear Ms. Scillieri:

    This firm represents the owners of the painting known as *Rest on the Flight into Egypt,* by Parmigianino, (hereinafter the "Painting"). The Painting was sent to Sotheby's for appraisal and evaluation in 2005 and has been in the possession and control of Sotheby's since that time. This letter shall serve as formal demand for the return of the Painting to its owners.

    As you are aware, the Painting was originally being kept at Marco Grassi's Studio, during which time, both Mr. Christopher T. Apostle and George Wachter arranged to have the Painting removed and delivered to Sotheby's offices for evaluation.  While at Sotheby's, the Painting was reviewed by a number of experts in an effort to authenticate it. Thereafter, Mr. Grassi inquired as to the whereabouts of the Painting. In response to Mr. Grassi's inquiry, Mr. Apostle assured him that the Painting has been returned to him and was no longer in Sotheby's custody. Contrary to this assertion, however, and based on the available evidence, Sotheby's is unable to substantiate this claim. Our clients' conclusion is that Sotheby's has either unlawfully retained possession of the Painting or has acted negligently and lost the painting.

**Sanders│Ortoli│Vaughn-Flam│Rosenstadt llp**

This office wrote to Mr. Apostle on February 26, 2008, and has been in correspondence with you, on behalf of the owners of the Painting, inquiring as to its whereabouts. In response, Sotheby's sent us a document, that purportedly proves that Sotheby's had returned the Painting to Mr. Grassi's Studio.

Demand is hereby made for the return of the Painting within fourteen (14) days of the date of this letter. In the event that Sotheby's fails or refuses to return the Painting to its owners, this office has been instructed to pursue every available legal remedy to secure the safe return of it and/or just compensation for its loss. This letter is not intended to be a complete statement of the facts of this matter nor a statement of the law relevant thereto.

Should you have any comments, questions, or concerns regarding the matters contained herein, please feel free to contact the undersigned directly.

Very truly yours,

Gena Zaiderman

GLZ:af

cc: C. T. Apostle



 **UNITED STATES**
**POSTAL SERVICE**

Home | Help | Sign In

**Track & Confirm**     **FAQs**

# Track & Confirm

## Search Results

Label/Receipt Number: **7008 0150 0003 1329 7543**
Status: **Delivered**

Your item was delivered at 11:50 AM on June 6, 2008 in NEW YORK, NY 10021.

**Track & Confirm**

Enter Label/Receipt Number.

*Go >*

Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.   *Go >*

Site Map    Contact Us    Forms    Gov't Services    Jobs    Privacy Policy    Terms of Use    National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA